UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTIAN TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00174-JMS-WGH |
| ) | |
| LEANN LARIVA, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petition of Christian Torres Sr., for a writ of habeas corpus is denied and this action is dismissed. The reason for this disposition is that Torres' petition shows on its face that he is not entitled to the relief he seeks.

**Discussion**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is

retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

According to PACER records of the trial court, in June 2008, Torres pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Torres was sentenced in May 2009. His sentence included a mandatory consecutive sentence of 84 months' imprisonment as to the § 924(c) count based on the finding that Torres had brandished a firearm during the robbery.

PACER records further show that on August 5, 2013, Torres filed a motion for relief pursuant to 28 U.S.C. § 2255, arguing that he was entitled to relief as to his sentence based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The § 2255 motion was denied as untimely on February 6, 2015. An appeal is pending in the Third Circuit as No. 15-1493. Torres is represented by counsel in that appeal and on April 28, 2015 filed an application for a certificate of appealability.

Torres likewise seeks habeas corpus relief based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Torres had that opportunity and he used it. He is not permitted to invoke the Savings Clause of § 2255(e) based on the rejection of his claim in the trial court. *See Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that

Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention.").

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Torres has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Torres did not pay the $5.00 filing fee. He shall have through **July 15, 2015** in which to either do so or demonstrate that he lacks the financial means to do so.

**IT IS SO ORDERED**.

Date:  06/16/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTIAN TORRES
62946-066
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808